UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| CORINA M. FREEMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 13 C 05876 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| TRAVELERS COMPANIES, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Corina Freeman alleges that Defendant The Travelers Indemnity Company discriminated against her and retaliated against her in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq*.[1] R. 1, Compl. Travelers has moved to dismiss Freeman's complaint under Federal Rule of Civil Procedure 12(b)(6). R. 7, Mot. Dismiss. It argues that Freeman's claims are time-barred because she did not file a complaint within ninety days of receiving her first right-to-sue letter from the U.S. Equal Employment Opportunity Commission (EEOC). *Id.* For the reasons explained below, Travelers' motion is granted in part and denied in part.

**I. Background**

In evaluating a motion to dismiss, the Court accepts the complaint's factual allegations as true and draws reasonable inferences in the plaintiff's favor. *Ashcroft*

---

[1] The Court has subject matter jurisdiction over this federal-question case under 28 U.S.C. § 1331.

*v. al-Kidd*, ––– U.S. –––, 131 S.Ct. 2074, 2079 (2011). Freeman was employed by Travelers, most recently as a Nurse Case Manager, from about 1998 until 2012. R. 8, Def.'s Br. at 1-2. On October 3, 2012, Travelers fired Freeman for alleged poor performance. Compl. ¶ 15. Freeman, who suffers from anxiety and depression, Compl. ¶ 8, filed a charge of discrimination with the EEOC on October 19, 2012. R. 8-1, First EEOC Charge. Her charge alleged that Travelers had engaged in retaliation and disability-based discrimination against her. *Id.* Specifically, Freeman laid out the particulars of her claim as follows:

> I began my employment with Respondent in or around September 1998. My most recent position was Nurse Case Manager. During my employment, I was subjected to discipline; subsequently, I was discharged.
>
> I believe I have been retaliated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

*Id.* The EEOC issued a right-to-sue letter on March 26, 2013. R. 8-2, First Right to Sue. The letter informed Freeman that, based upon its investigation, the EEOC could not conclude that Travelers had violated the law, but that Freeman was free to pursue her own claims against Travelers. *Id.* It warned in prominent lettering, "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost." *Id.* (underlining in original).

Rather than file suit as directed within ninety days, Freeman instead filed a second charge of discrimination with the EEOC on May 10, 2013. R. 1-1, Second EEOC Charge. Like the first charge, this one alleged that Travelers had engaged in retaliation and disability-based discrimination. *See id.* Also like the first charge,

2

this one listed October 3, 2012 (the date Freeman was fired) as the latest date discrimination took place. *See id.*; First EEOC Charge. Unlike the first charge, however, Freeman checked the "continuing action" box and alleged the following:

> I began my employment with the Respondent in or around 1998. My most recent position was Nurse Case Manager. During my employment, I was diagnosed with anxiety and depression. I had requested an accommodations [sic] for a disability which was subsequently denied. I was discharged from my position on October 3rd of 2012, for alleged poor performance however, it was due to my disability and requests for accommodations. After my termination, the Respondent retaliated against me in my attempts to find new employment by purposely stating "her desk was a mess."
>
> I believe that I have been discriminated against based upon by [sic] disability in violation of the American [sic] with Disabilities Act of 1990 and retaliation against in my attempts to acquire new employment in violation of the American [sic] with Disabilities Act of 1990.

Second EEOC Charge. The EEOC issued a second right-to-sue letter on June 3, 2013, once again advising that Freeman had ninety days in which to file suit. R. 1-2, Second Right to Sue.

Freeman filed her complaint on August 16, 2013 (within the ninety-day filing period of the second right-to-sue letter), alleging three claims: one count of disability discrimination and two counts of retaliation. Compl. Count One alleges that Travelers discriminated against Freeman by failing to accommodate her disability. Compl. at 2-3. Count Two alleges that Travelers retaliated against Freeman for requesting an accommodation by firing her. *Id.* at 4. And Count Three alleges that Travelers further retaliated against Freeman by interfering with a job opportunity.[2]

---

[2]Despite the fact that Freeman's EEOC charges and complaint allege only disability discrimination in violation of the ADA, Freeman purports to bring her retaliation claims under Title VII of the Civil Rights Act of 1964. It is unclear why these claims were not brought under the ADA's own retaliation provision, 42 U.S.C. § 12203(a).

3

Travelers now moves to dismiss all three claims, arguing that because Freeman did not sue within the first ninety-day window, her claims are time-barred. R. 8, Def.'s Br.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. v. Twombly,* 550 U.S. 544, 555 (2007). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002)).

A Rule 12(b)(6) motion "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level," *Twombly,* 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are *factual,* rather than mere *legal* conclusions. *Iqbal,* 556 U.S. at 678-79. In considering a motion to dismiss, a court

4

may review exhibits attached to the complaint without converting the motion to one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).³

## III. Analysis

Travelers moves to dismiss Freeman's claims for two reasons: (1) Freeman did not file suit within ninety days of receiving the right-to-sue notice for her first EEOC charge, so any claims contained in that charge are untimely, and (2) because the additional claims brought in the second EEOC charge are reasonably related to Freeman's original claims, those claims are also time-barred. Def.'s Br. at 4-7. Freeman argues, in turn, that her second charge should be construed not as a separate filing, but as a request to reconsider the EEOC's earlier determination as to her first charge. R. 14, Pl.'s Response Br. at 3. Alternatively, Freeman argues that, even if the Court determines that her earlier claims (the ones contained in the first EEOC charge) are time-barred, the claims contained in her second charge are unrelated and should thus survive. *Id.* at 6-7. The Court addresses each EEOC charge in turn.

### 1. First EEOC Charge

The ADA adopts Title VII's procedures in requiring a plaintiff to file a timely charge with the EEOC and to receive, in return, a right-to-sue notice from the EEOC before filing suit against an employer. *See* 42 U.S.C. § 12117(a)

---

³At the hearing during which the dismissal motion was first presented, the Court discussed with the parties' counsel whether the motion should be converted to a summary judgment motion. The answer appeared to be no at the time, but the Court encouraged the parties to discuss the matter further if needed, including whether some limited discovery might be needed. Freeman has not argued that any discovery was needed, and so the Court will consider the dismissal motion as-is, and not as a summary judgment motion.

(incorporating 42 U.S.C. § 2000e-5); *E.E.O.C. v. Harris Chernin, Inc.*, 10 F.3d 1286, 1288 n. 3 (7th Cir. 1993). Plaintiffs have ninety days from receipt of the right-to-sue notice in which to file a complaint. 42 U.S.C. § 12117 (incorporating 42 U.S.C. § 2000e–5(f)(1)). "Thus, absent special circumstances which give rise to waiver, estoppel, or equitable tolling of the ninety-day period, failure to file a complaint within such period bars adjudication of those claims." *Martini v. A. Finkl & Sons Co.*, 96 C 0756, 1996 WL 667816 (N.D. Ill. Nov. 15, 1996).

Freeman admits that she did not file suit against Travelers within ninety days of receiving the original right-to-sue notice. Pl.'s Br. at 1. But she contends that Travelers' additional retaliation provided new information that merited reconsideration of her claims by the EEOC. *Id.* at 3. Thus, Freeman argues that her claims are timely because she filed what was intended to serve as a request for reconsideration within the ninety-day window. *Id.* at 3-5.

Freeman's argument relies on two assumptions: first, that a second EEOC charge—that makes no reference to an earlier charge—may be construed as a request for reconsideration of the earlier charge, and second, that the mere submission of a request for reconsideration would toll the ninety-day filing period. Freeman has offered no facts or authority that support either proposition. In its entirety, her argument consists of two bare block quotations: one, to an EEOC regulation regarding the Commission's ability to reconsider determinations "*on its own initiative*," see 29 C.F.R. § 1601.19(b) (emphasis added), and another to a mis-

6

cited D.C. Circuit opinion[4] addressing the filing deadline for a *federal* employee who has exercised her right to appeal an agency decision under 42 U.S.C. § 2000e-16(c), *see Nordell v. Heckler*, 749 F.2d 47 (D.C. Cir. 1984).

Freeman does not explain why either source is relevant. The EEOC did not elect, on its own initiative, to reconsider its first right-to-sue notice. And more importantly, even if it had, 29 C.F.R. § 1601.19(b) makes clear that Freeman's ninety-day window would not be tolled until the EEOC issued a notice of intent to reconsider. *See also McCray v. Corry Mfg. Co.*, 61 F.3d 224 (3d Cir. 1995) (holding even EEOC's denial of a request for reconsideration did not toll ninety-day filing period). As to *Nordell*, 42 U.S.C. § 2000e-5 does not provide a private-sector equivalent to the administrative-appeal process available to federal employees under § 2000e-16(c). Thus, a case analyzing the effect of that process, which applies to a federal employee's filing deadline, provides no help to Freeman here.

In short, Travelers has correctly asserted that Freeman's complaint was filed more than ninety days after the EEOC issued its first right-to-sue notice. Because the ninety-day filing requirement operates as a statute of limitations, *see Vitello v. Liturgy Training Pubs.*, 932 F. Supp. 1093, 1096 (N.D. Ill. 1996), and Freeman has offered no reasonable basis for equitable tolling, Freeman's claims based on her original EEOC charge are time-barred. Counts One (failure to accommodate) and Two (retaliation by firing) of the complaint are clearly alleged in Freeman's original

---

[4]Freeman quotes five paragraphs of a judicial opinion, citing *Bethel v. Jefferson*, 589 F.2d 631, 642 (D.C. Cir. 1978), when, in fact, the quoted language is taken from *Nordell v. Heckler*, 749 F.2d 47 (D.C. Cir. 1984).

EEOC charge.[5] *See* First EEOC Charge. Accordingly, Travelers' motion to dismiss is granted with respect to those claims.

## 2. Second EEOC Charge

Freeman argues that, even if her original discrimination and retaliation claims are time-barred, her second retaliation claim nevertheless survives because it was not related to her first EEOC charge. Pl.'s Br. at 5. The Court agrees. To avoid dismissal of Count Three, Freeman must demonstrate that the relevant allegations in her second charge were not a "mere re-allegation of the first EEOC charge; i.e., not reasonably related or similar enough to be within the scope of the first charge." *Ervin v. Purdue Univ. Calumet*, No. 2:09-CV-136-PRC, 2010 WL 3021521, at *4 (N.D. Ind. July 28, 2010). "To allow a plaintiff to re-allege an earlier EEOC charge in a subsequent EEOC charge would render the 90-day time limit for filing lawsuits 'meaningless,' because it would allow the plaintiff to 'evade [the filing requirement] simply by seeking additional Notices of Right to Sue whenever he pleased.'" *Vitello*, 932 F. Supp. at 1098 (quoting *Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986)).

Freeman does not identify the date on which Travelers allegedly interfered with a job prospect, but at the motion-to-dismiss stage, the Court must draw reasonable inferences in Freeman's favor. *Ashcroft*, 131 S.Ct. at 2079. In light of the fact that Freeman filed her first charge within weeks of losing her job, it is

---

[5]Travelers anticipates a continuing-violation argument by Freeman. Def.'s Br. at 7. But, other than a single reference to Travelers' alleged interference with Freeman's job prospects as "continued retaliation," Pl.'s Br. at 1, Freeman makes no argument regarding the continuing violation doctrine.

8

reasonable to infer that Travelers' alleged job-interference occurred *after* Freeman filed her first charge of discrimination. In its brief, Travelers notes that allegations in a second charge "are 'like or reasonably related' to the allegations in a prior charge when they are based on the same acts." Def.'s Br. at 6 (quoting *Ervin*, 2010 WL 3021521, at *4). But the job-interference alleged in Freeman's second charge had not even occurred when Freeman filed the earlier charge. Thus, it cannot have been based on the same acts and was not a "mere re-allegation" of the retaliation alleged in the original charge.

Travelers argues that Count Three is nevertheless time-barred because it is "like or reasonably related" to the allegations contained in Freeman's first charge. Def.'s Reply Br. at 4. But that is the standard for determining whether a claim in a federal-court *complaint* is sufficiently related to the allegations in an EEOC charge. *See Farrell v. Butler Univ.*, 421 F.3d 609, 616 (7th Cir. 2005) ("[A] Title VII plaintiff may not bring a claim in her lawsuit that she did not include in her EEOC charge."); *Babrocky v. Jewel Food Co.*, 773 F.3d 857, 864 (7th Cir. 1985) ("All claims of discrimination are cognizable that are like or reasonably related to the allegations of the charge and growing out of such allegations." (internal quotation marks and citation omitted)). In other words, that is the standard the Court would apply if Freeman had filed the complaint based only on the original charge of discrimination, and the Court then had to determine whether Count Three was within the scope of that charge. That is not the question posed by the dismissal motion targeting the second act of retaliation.

Here, Freeman filed a charge of discrimination with the EEOC and then allegedly suffered an additional act of retaliation. It is true that, under Seventh Circuit law, Freeman could have sued Travelers based on the later-arising retaliation even without filing a second charge of discrimination. *See McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473 (7th Cir. 1996) ("It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case—a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII." (citation omitted)). But that simply means that Freeman had the right to forgo filing a second charge of discrimination; it does *not* mean that if she does file a second charge, and then sues within ninety days of the second letter, that she is somehow time-barred from pursuing the second allegation due to the mere existence of the first charge. Adopting Travelers' position would discourage employees from filing a second charge, and an employee who suffers a new alleged instance of discrimination should not be discouraged from invoking the EEOC's administrative process. Aside from the general advantages of obtaining the EEOC's conciliation help, a second charge might specifically prompt the EEOC and the employer to take a closer look at the allegations. What's more (and what's worse), taking Travelers' position to its logical end-point would mean that even if Count Three had arisen *after* the ninety-day filing window—when Freeman could no longer file suit—she could not seek redress for the new, later acts of discrimination or retaliation if they

were "reasonably related" to the original charge. That result makes no sense. Because Count Three was based on a new charge of discrimination, and Freeman filed suit within ninety days of the second right-to-sue notice, Travelers' motion to dismiss is denied as to Count Three of the complaint.[7]

## IV. Conclusion

For the reasons stated above, Travelers' motion to dismiss [R. 7] is granted with respect to Counts One and Two of the complaint, and the motion is denied with respect to Count Three. The August 27, 2014 status hearing is accelerated to August 20, 2014, at 8:30 a.m., at which time a discovery schedule will be set. At the same time, the parties should begin settlement discussions and consider whether a settlement referral make sense, especially after this Opinion has narrowed (but not eliminated) the case.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 8, 2014

---

[7]To be clear, this is the only claim remaining. There is a cryptic reference in Freeman's response to a hostile work environment, but it is obviously an inadvertently included sentence. Pl.'s Br. at 7 ("Accordingly, plaintiff's conclusory allegations of a hostile work environment in his FAC are barred since they were not included within his Charge.")

11